**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Dennis Garland ANDY,**
**Defendant-Appellant.**

**No. 76–1667.**

United States Court of Appeals,
Ninth Circuit.

Jan. 31, 1977.

As Amended Feb. 22, 1977.

Jerry D. Talbott (argued), Willis, McArdle, Dohn & Talbott, Yakima, Wash., for defendant-appellant.

Robert S. Linnell, Asst. U.S. Atty. (argued), Spokane, Wash., for plaintiff-appellee.

Before TUTTLE,* HUFSTEDLER and TRASK, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's denial of appellant Andy's motion to dismiss for failure to meet the speedy trial standard of 18 U.S.C. § 5036, as amended, and from the court's adjudication of appellant as a juvenile delinquent for an assault with a deadly weapon in violation of 18 U.S.C. § 1153.

Appellant, an Indian and a resident of the Yakima Indian Reservation in the state of Washington, conducted a lengthy beer-drinking party at his residence on the reservation. On the evening of January 2, 1976, with Dixon Yallup, Edward Ewell, and Lenora James present, appellant brought out a .22 caliber rifle, taking it outside of his residence to shoot at street lights. At one point appellant stated, "Make me a bet, I can hit that car." It appears that appellant then began firing shots at passing automobiles on the road near his home.

On the same night, Jesse Jaime was struck by a bullet while driving his car near the intersection of West Wapato and Campbell Roads in Yakima County, Washington. The intersection is immediately in front of appellant's house. Neither Jaime nor his passenger saw who fired the shot as they quickly fled the scene. Jaime survived.

Indian police later that night went to appellant's residence to take its occupants into custody. Appellant was booked by the County Sheriff, and held in the Yakima County Detention Center as a juvenile. A hearing was held in the state court in Washington on January 14, 1976, 12 days after the offense was committed. At that time the state court entered an order surrendering jurisdiction to the federal authorities effective on January 19, 1976.

On February 19, 1976, appellant came to trial. He moved to have the information against him dismissed for failure to meet the speedy trial standard of 18 U.S.C. § 5036. The district court denied his motion and adjudicated him a juvenile delinquent for assault with a deadly weapon.

Appellant appeals from the denial of his motion to dismiss and from the ensuing judgment.

The key question on this appeal is whether the Government failed to bring the appellant to trial within the 30-day period set forth in 18 U.S.C. § 5036, which provides:

"If an alleged delinquent who is in detention pending trial is not brought to trial within thirty days from the date upon which such detention was begun, the information shall be dismissed on motion of the alleged delinquent or at the direction of the court, unless the Attorney General shows that additional delay was caused by the juvenile or his counsel, or consented to by the juvenile or his counsel, or would be in the interest of justice in the particular case. Delays attributable solely to court calendar congestion may not be considered in the interest of justice. Except in extraordinary circumstances, an information dismissed under this section may not be reinstituted."

Appellant contends that he was denied his right to a speedy trial because he was detained from January 2, 1976, until he was brought to trial on February 19, 1976, a period in excess of 30 days. The district court denied the motion because it decided that the 30-day period commenced as of the date that appellant's federal detention began. The question is thus presented: What event or events triggered the running of the 30-day period described by Section 5036?

---

* Honorable Elbert P. Tuttle, Senior United States Circuit Judge, Fifth Circuit, sitting by designation.

We read Section 5036 in conjunction with 18 U.S.C. § 5032, as amended. In pertinent part, Section 5032 provides:

"A juvenile alleged to have committed an act of juvenile delinquency shall not be proceeded against in any court of the United States unless the Attorney General, after investigation, certifies to an appropriate district court of the United States that the juvenile court or other appropriate court of a State (1) does not have jurisdiction or refuses to assume jurisdiction over said juvenile with respect to such alleged act of juvenile delinquency, or (2) does not have available programs and services adequate for the needs of juveniles."

A construction of Section 5036 which would require the running of the 30-day period prior to the time that the United States could have proceeded against the juvenile makes neither practical nor statutory sense. The two provisions can be effectively harmonized, however, by holding that the 30-day period runs from (1) the date that the Attorney General certifies, or in the exercise of reasonable diligence, could have certified, to the conditions stated in Section 5032, or (2) the date upon which the Government formally assumes jurisdiction over the juvenile, whichever event earlier occurs.

The juvenile was in constant pretrial custody, federal or state, from January 2, 1976, until he was brought to trial in the federal court on February 19, 1976.

A remand will be necessary to permit the district court to determine whether more than 30 days elapsed from the date that the prosecuting officer for the federal government could have certified to the conditions of Section 5032, acting with reasonable diligence, and the date upon which the appellant was brought to trial. In this connection, we observe that more than 30 days elapsed from the date upon which the state formally relinquished jurisdiction, and the date upon which the appellant was brought to trial.

The judgment is vacated and the cause is REMANDED to the district court for further proceedings consistent with the views herein expressed.

TRASK, Circuit Judge, Dissenting:

I do not find section 5036 so ambiguous that it requires the construction the majority here would give it. In construing section 5036, the majority refers to section 5032. Section 5032 provides that a juvenile shall not be proceeded against in any court of the United States "unless the Attorney General, after investigation, certifies to an appropriate district court of the United States" that a state court does not have jurisdiction or refuses to assume jurisdiction over the juvenile. This certification is required to give jurisdiction to the United States District Court. While it is an action triggering device which authorizes the federal district court to proceed, certification does not answer the question of how detention for purposes of section 5036 shall be measured.

Detention is a fact determination and a separate issue. Here, the certification was not made until January 26 (Clerk's Record at 43). The trial commenced on February 19. The period between these two dates is well within the thirty day period set forth in section 5036. But certification could conceivably have been made ten days earlier or ten days later, and had it been made 10 days earlier, the State of Washington might have refused to surrender its prisoner to an informal request by the federal prosecutor or even to a writ of habeas corpus ad prosequendum. See *Carbo v. United States,* 364 U.S. 611, 81 S.Ct. 338, 5 L.Ed.2d 329 (1961).

The Supreme Court declared in *Ponzi v. Fessendon,* 258 U.S. 254, 260, 42 S.Ct. 309, 310, 66 L.Ed. 607 (1922), that:

"[t]he chief rule which preserves our two systems of courts from actual conflict of jurisdiction is that the court which first takes the subject-matter of the litigation into its control, whether this be person or property, must be permitted to exhaust its remedy, to attain which it assumed control, before the other court shall attempt to take it for its purpose."

This recognition of the rights of the other jurisdictions appears to me to be a per-

suasive argument that the period of detention of an independent state system should not be tacked to that of the federal system for the purpose of section 5036, and that Congress did not intend such a result.

The majority would remand to permit the district court to determine whether more than 30 days elapsed from the date that the prosecuting officer for the federal government "could have certified to the conditions of Section 5032, acting with reasonable diligence," and the date of trial.

I point out again that the date of certification has no necessary relevance to the time of detention. Further, the certification procedure of section 5032 appears to express a concern that the federal government shall not intrude into juvenile matters unless the state does not have programs and services for meeting the needs of its own juveniles. Section 5032 does not address itself to speedy trial rights or to the period of detention set forth in section 5036.

Finally, I note that it appears entirely unclear from the record that more than 30 days of detention elapsed after the federal government obtained custody and the day of trial. While appellant in his brief directs his argument principally to the *combined* period of detention, he does observe that

"[i]t was eventually decided that the Federal government must assume jurisdiction and, on January 21, 1976, the Federal government officially assumed jurisdiction through a brief pre-arraignment hearing before Magistrate Lonny R. Suko (C. Tr. 41)."

The brief for the government likewise states that it assumed custody on January 21. If this be true then I would hold that the trial began within the allowable period of time, irrespective of the tacking problem.

I would affirm.