UNITED STATES of America,
Plaintiff-Appellee,

v.

John DOE, Defendant-Appellant.

No. 80–1449.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Feb. 18, 1981.

Decided March 9, 1981.

Geary L. Walke of Coleman & Walke, Del City, Okl., for defendant-appellant.

Kathleen Flanagan, Asst. U. S. Atty., Oklahoma City, Okl. (Larry D. Patton, U. S. Atty., Oklahoma City, Okl., with her on brief), for plaintiff-appellee.

Before SETH, Chief Judge, and McKAY and SEYMOUR, Circuit Judges.

SETH, Chief Judge.

This is an appeal by the defendant from a judgment and conviction under the Juvenile Delinquency Act (Act), 18 U.S.C. § 5031 et seq. The only issues on appeal are whether appellant's rights under the speedy trial section, 18 U.S.C. § 5036, and the due process clause were violated.

On January 15, 1978, appellant, then fifteen years old, was arrested by Oklahoma authorities in connection with a killing at the Chilocco Indian School in Oklahoma. He was thereafter charged with first degree murder and certified to stand trial as an adult.

In May of 1979, the Oklahoma Court of Criminal Appeals reversed and remanded the order of certification with instructions to dismiss, after finding that the Chilocco Indian School was Indian Country (18

U.S.C. § 1151) and the state lacked jurisdiction. The Oklahoma court denied the state's petition for rehearing on July 23, 1979.

On the same day, the United States filed an information and certificate pursuant to 18 U.S.C. § 5032; but on the following day it was dismissed without prejudice on the government's motion. On July 25, 1979, appellant was released after eighteen months' state detention in the Kay County Jail.

In October the state filed a petition for certiorari to the Supreme Court, which was denied on December 10, 1979. 444 U.S. 992, 100 S.Ct. 524, 62 L.Ed.2d 421.

On January 31, 1980, a second federal information and certificate in juvenile delinquency proceedings were filed. On February 1, 1980, appellant was arrested by Tulsa, Oklahoma, police on a charge unrelated to this case. Federal authorities immediately placed a "hold" on appellant, and on February 8 filed a detainer.

The government sought and obtained a writ of habeas corpus *ad prosequendum* on March 10, and federal marshals took appellant to Oklahoma City March 11, where he was arraigned on March 12. Bail was denied March 13.

Appellant was found guilty and adjudged a delinquent under the Act following a trial to the court on April 8, 9 and 10.

*The Statutory Issue:*

The defendant moved to dismiss on the ground that there had been a violation of his right to a speedy trial under 18 U.S.C. § 5036. In denying the motion, the district court held that the phrase "who is in detention pending trial" refers only to federal detention. The judge thus concluded that since prior to March 11, 1980, appellant was in state custody and the thirty-day requirement was not triggered until federal marshals took custody of appellant. It is undisputed that appellant was brought to trial within thirty days of March 11. The trial court relied primarily on the dissent in *United States v. Andy,* 549 F.2d 1281 (9th

Cir. 1977), wherein it was urged that detention by a state should not be tacked to federal detention for purposes of the thirty-day period. *Id.* at 1283–1284. The majority in *Andy* held that the thirty-day period runs from the date of certification (or when the Attorney General could with diligence have certified) or when jurisdiction was formally assumed, whichever event earlier occurs.

There is little other case law interpreting any of the language of this section of Juvenile Delinquency Act. The Fifth Circuit has held that the phrase "in detention" is unclear. *United States v. Cuomo,* 525 F.2d 1285, 1290 (5th Cir. 1976), concluding that detention means "physically restrictive custody, confinement within a specific institution." *Id.* at 1291. There is some discussion of the thirty-day period of § 5036 in *United States v. E.K.,* 471 F.Supp. 924 (D.Ore.1979).

Appellant argues that detention for purposes of § 5036 began either January 31, 1980, when the information and certification were filed, with reliance on *United States v. Andy,* 549 F.2d 1281 (9th Cir. 1977), or at the latest on February 8, 1980, when the detainer was filed. The government contends that not until March 11, 1980, when United States Marshals took physical custody of appellant, did the provisions of § 5036 begin to run.

Although the provisions of § 5036 are far from certain, the advisement provisions of 18 U.S.C. § 5033 define a juvenile "taken into custody for an alleged act of juvenile delinquency," when it requires the alleged delinquent be taken before a magistrate forthwith. Since under a literal reading of § 5033 appellant had no right to be taken before a magistrate until he was taken into custody by federal authorities, it does not stand to reason that his speedy trial right under § 5036 would have been triggered any earlier.

In *Andy* the majority stated that the record showed that more than thirty days had elapsed from the date the state formally relinquished jurisdiction to the date of trial, but there seemed to be an uncertainty

as to when custody began. The case was remanded for the trial court to determine whether more than thirty days elapsed between the date the certificate could have been made assuming reasonable diligence and the trial date. The court used certification as the controlling date. The act refers to "detention" although certification is a jurisdictional requirement. 18 U.S.C. § 5032.

As indicated above, the act refers to juveniles in detention or custody (§ 5033) and this custody is intended to mean federal custody if the requirement that the person be taken forthwith to a magistrate is to have any meaning. The Act requires certification as a jurisdictional requirement as *Andy* indicates, but the provision of § 5036 uses "detention" to start the thirty-day period. Thus, § 5036 in part states:

> If an alleged delinquent who is in detention pending trial is not brought to trial within thirty days from the date such detention was begun, the information shall be dismissed . . . .

In the case before us the defendant for the extended period was in state custody and the state proceedings were underway. During the period between February 1, 1980 and March 11th, the defendant was in the Tulsa jail on unrelated state charges. This is the period between the second federal information (with certificate) and the writ whereby the federal authorities obtained actual custody. This is really the only questionable period under the statute. However, the defendant was obviously then in state custody on other state charges. The fact the information and certificate had been filed is not enough; nor is it enough to urge that the federal authorities could perhaps have gained custody at an earlier date.

■ The construction of § 5036 with § 5033, which is a basic section, leads to the conclusion that the custody or detention must be by federal authorities to start the thirty-day period. Thus the period started March 11th. Any use of state detention in the circumstances before us would lead to great uncertainty. The length of pretrial detention was very long and was most unfortunate. It came about through a series of unusual circumstances over which the federal authorities had no control and the state authorities were proceeding in accordance with their duties.

*The Constitutional Issues:*

■ Twenty-seven months elapsed between the date of arrest and appellant's trial. Because the second information and certificate were not filed until January 31, 1980, most of this time can be called preaccusatorial delay. This delay must meet the standards under *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), requiring a showing that actual prejudice resulted from preindictment delay and that the delay was purposely designed to gain tactical advantage or to harass the defendant. *See also United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977); *United States v. McManaman*, 606 F.2d 919 (10th Cir. 1979), and cases cited therein.

■ While some of the delay is not fully explained, much of the first two years between the commission of the crime and the Supreme Court's denial of certiorari were consumed in the state's attempt to establish jurisdiction over the crime. In addition, appellant was not incarcerated for at least the last six months of this period. Mere passage of time per se does not give rise to a constitutional violation. *United States v. Brown*, 600 F.2d 248 (10th Cir.), *cert. denied*, 444 U.S. 917, 100 S.Ct. 233, 62 L.Ed.2d 172 (1979). *See also United States v. Latimer*, 548 F.2d 311 (10th Cir. 1977) (twenty-seven months from date of crime to second trial). In addition, although counsel claimed witnesses were scattered, there was no indication of how any witnesses would have aided the defense, *United States v. McManaman, supra*. *United States v. Rich*, 589 F.2d 1025, 1033 (10th Cir. 1978), or what exculpatory testimony would have been offered. *United States v. Villano*, 529 F.2d 1046, 1060 (10th Cir.), *cert. denied*, 426 U.S. 953, 96 S.Ct. 3180, 49 L.Ed.2d 1193 (1976). Even if there was proof of actual prejudice,

however, appellant has failed to explain how the prosecution intentionally delayed for tactical advantage or to harass appellant. *United States v. Revada*, 574 F.2d 1047, 1049 (10th Cir. 1978); *United States v. Redmond*, 546 F.2d 1386 (10th Cir. 1977); *cert. denied*, 435 U.S. 995, 98 S.Ct. 1645, 56 L.Ed.2d 83 (1978).

Had the United States concluded its prosecution in July of 1979 when the first information and certificate were filed, and had the United States Supreme Court later determined that Oklahoma *did* have jurisdiction, the language of 18 U.S.C. § 5032 would appear to bar any further prosecution of appellant by the state of Oklahoma. *See* Senate Report No. 93–1011, 1974. U.S. Code Cong. & Admin.News, p. 5320, "[s]ubsequent proceedings on the basis of the alleged act are barred in any court after a plea has been entered in one court."

The government was constrained to wait from the date of the offense through the denial of certiorari by the Supreme Court before proceeding against appellant.

Appellant has failed to establish a constitutional violation of due process or the right to a speedy trial, and has not established a statutory violation of 18 U.S.C. § 5036.

AFFIRMED.