61 F.3d 913
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John DOE, a Juvenile, Defendant-Appellant.
 No. 94-10414.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 10, 1995.
Decided July 26, 1995.
 
 1
 Before: CANBY and FERNANDEZ, Circuit Judges, and FITZGERALD,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 John Doe, a juvenile, appeals the district court's grant of the government's motion to dismiss the information against him pursuant to Fed.R. of Crim.P. 48(a). The government brought the motion after the district court had denied its motion to transfer Doe for adult prosecution. Doe contends that the government brought the dismissal motion in bad faith and that it was, therefore, an abuse of discretion for the district court to grant it. We affirm.
 
 
 4
 A defendant who attempts to overturn a district court's grant of a motion by the government to dismiss a prosecution bears a heavy burden. It is presumed that the prosecutor is the best judge of whether a prosecution should be terminated. See United States v. Wallace, 848 F.2d 1464, 1468 (9th Cir.1988); see also United States v. Cowan, 524 F.2d 504, 513 (5th Cir.1975), cert. denied, 425 U.S. 971, 96 S.Ct. 2168, 48 L.Ed.2d 795 (1976)). Essentially, if a motion to dismiss is not motivated by bad faith, the district court is required to grant it. See United States v. Hayden, 860 F.2d 1483, 1487 (9th Cir.1988); see also Rinaldi v. United States, 434 U.S. 22, 30, 98 S.Ct. 81, 85, 54 L.Ed.2d 207 (1977) (per curiam); United States v. Smith, 55 F.3d 157, 159 (4th Cir.1995). We cannot say that the district court abused its discretion when it found that the prosecution acted in good faith in this case. Moreover, even if the district court is not compelled to grant a dismissal, it enjoys broad discretion to do so.
 
 
 5
 Our conclusion that the district court acted within its discretion is not changed by Doe's jeremiad that the government asked for dismissal because it felt that a noncooperative juvenile like himself should be prosecuted as an adult, and the district court had refused to permit a federal adult prosecution. Absent some showing that the government itself will gain some untoward tactical advantage over Doe by obtaining the dismissal, that motive does not point inexorably to bad faith. There is no hint that the government intends to re-prosecute Doe. Were it to do so, the issue could be raised at that time. Perhaps the State of Nevada will now prosecute Doe, but that separate sovereignty always had the federal constitutional power so to do. Nor can we see anything contrary to the public interest or otherwise rebarbative should the state choose to do so.
 
 
 6
 Doe also asserts that the government's bad faith is shown because the dismissal will enable it to avoid speedy trial problems. We think not. Perhaps the government did have speedy trial problems with Doe's case. See United States v. Andy, 549 F.2d 1281, 1283 (9th Cir.1977). However, we need not decide that issue, for the solution to the problems would have been a dismissal, not continued prosecution. Again, because there is no indication that the government intends to seek to reinstate the prosecution, Doe now has all that he could have achieved had he been successful in pressing a federal speedy trial claim. Doe also suggests that a problem is raised under the State of Nevada's own speedy trial provisions for juveniles. Nev.Rev.Stat. Sec. 62.193 (speedy trial). If so, the place to raise that issue is before the state courts in any prosecution attempted there.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Honorable James M. Fitzgerald, Senior United States District Judge, United States District Court for the District of Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3