**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**SEALED JUVENILE 1, Defendant–
Appellee.**

No. 99–50077.

United States Court of Appeals,
Fifth Circuit.

Oct. 7, 1999.

Joseph H. Gay, Jr., U.S. Atty. (argued), Margaret Feuille Leachman, San Antonio, TX, for Plaintiff–Appellee.

Judy Fulmer Madewell, Federal Public Defender (argued), San Antonio, TX, for Defendant–Appellant.

Before KING, Chief Judge, and POLITZ and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:

This is an appeal from a district court's denial of a juvenile defendant's motion to dismiss an information filed by the government. The defendant moved to dismiss the information based on the government's failure to bring the defendant to trial within the 30–day period set forth in the speedy trial provision of the Juvenile Delinquency Act, 18 U.S.C. § 5036, (the "JDA"). The issue before us is whether the district court's exclusion of the time attributable to the filing and disposition of the government's unsuccessful motion to transfer the defendant to adult criminal proceedings was "in the interest of justice;" thus tolling the speedy trial period set forth in § 5036. For the reasons as-

signed, we affirm the district court's ruling.

### FACTUAL AND PROCEDURAL HISTORY

On September 9, 1998, the defendant, a juvenile male, and nine other illegal aliens were arrested by United States Border Patrol agents. The defendant had been driving the car that held the illegal aliens. On September 11, 1998, the government filed a certification to proceed under the JDA,[1] and filed a complaint charging the defendant with transporting illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). On September 15, 1998, a detention hearing was held, and the magistrate judge ordered the defendant detained without bail.

On September 25, 1998, the government filed an information charging the defendant with four counts of juvenile delinquency, namely transporting illegal aliens. On October 2, 1998, the government moved to transfer the proceedings to adult criminal proceedings. The defendant filed a motion in opposition. On October 21, 1998, the district court denied the government's motion to transfer. The case was set for October 26, 1998 for a determination of delinquency.

On October 22, 1998, the defendant moved to dismiss the information arguing, *inter alia*, that the government's failure to bring him to trial within 30 days of his arrest by federal officials violated the speedy trial period set forth in the JDA. On October 29, 1998, the district court denied the defendant's motion. The same day, the defendant entered into a conditional plea agreement with the government

---

1. Under 18 U.S.C. § 5032, the Government shall certify the following before initiating delinquency proceedings in federal court:
   (1) the juvenile court or other appropriate court of a State does not have jurisdiction or refuses to assume jurisdiction over said juvenile with respect to such alleged act of juvenile delinquency, (2) the State does not have available programs and services adequate for the needs of juveniles, or (3) the offense charged is a crime of violence that is a felony or an offense described in section 401 of the Controlled Substances Act (21 U.S.C. § 841), or section 1002(a), 1003, 1005, 1009, or 1010(b)(1), (2), or (3) of the Controlled Substances Import and Export Act (21 U.S.C. §§ 952(a), 953, 955, 959, 960(b)(1), (2), (3)), section 922(x) or section 924(b), (g), or (h) of this title, and that there is a substantial Federal interest in the case or the offense to warrant the exercise of Federal jurisdiction.

preserving his right to appeal the district court's denial of the motion to dismiss. The district court ordered the defendant to serve 30 months in official detention.

### STANDARD OF REVIEW

■ A review of our Circuit's decisions has not revealed which standard of review is applicable to review a district court's ruling under the speedy trial provision of the JDA. Both parties urge us to apply the abuse of discretion standard adopted by the Second Circuit. *See United States v. Doe,* 49 F.3d 859, 865 (2d Cir.1995). However, other circuits have applied *de novo* review. *See United States v. Doe,* 149 F.3d 945, 947 (9th Cir.1998)("[a]n alleged violation[ ] of the [ ]JDA's speedy trial right is reviewed de novo"); *United States v. Juvenile Male,* 74 F.3d 526, 528 (4th Cir.1996). By analogy, we review factual findings under the Speedy Trial Act, 18 U.S.C. § 3161, for clear error and the legal conclusions *de novo. See United States v. Narviz–Guerra,* 148 F.3d 530, 538 (5th Cir. 1998); *United States v. Franklin,* 148 F.3d 451, 454 (5th Cir.1998); *United States v. Calle,* 120 F.3d 43, 45 (5th Cir.1997). Although there are nuances which differentiate the speedy trial provision of the JDA from the Speedy Trial Act, the underlying purpose of the statutes are identical. Therefore, we are persuaded that the same twin standard of review is applicable to either statute. Applying this principle to the instant case, we review the district court's factual findings under the speedy trial provision of the JDA for clear error, and the district court's conclusions of law *de novo.* In the case before us, the parties do not dispute the district court's factual findings. Therefore, the issue before us is whether the district court reached the cor-

rect conclusion of law, which we review *de novo.*

### DISCUSSION

■ The speedy trial provision of the JDA provides:

If an alleged delinquent who is in detention pending trial is not brought to trial within *thirty days* from the date upon which such detention was begun, the information shall be dismissed on motion of the alleged 'delinquent or at the direction of the court, unless the Attorney General shows that additional delay was caused by the juvenile or his counsel, or consented to by the juvenile and his counsel, or would be in the *interest of justice* in the particular case. Delays attributable solely to court calendar congestion may not be considered in the interest of justice. Except in extraordinary circumstances, an information dismissed under this section may not be reinstituted.

18 U.S.C. § 5036 (emphasis added). In the instant case, the 30–day speedy trial right was triggered when the federal border patrol agents arrested the defendant on September 9, 1998.[2] Twenty-three days later, the government filed a motion to transfer to criminal proceedings on October 2, 1998. October 9, 1998 was the 30–day mark under the speedy trial provision. The district court denied the government's motion to transfer on October 21, 1998, 19 days after the 30–day period under the speedy trial provision. One day later, the defendant filed a motion to dismiss.

■ The district court held that the 19–day period attributable to the filing and disposition of the government's motion to transfer tolled the 30–day period under the speedy trial provision. The defendant argues that the 19–day period should not

2. The trial court held that the defendant's speedy trial right was triggered on September 11, 1998 when the government filed its complaint. However, in *United States v. Three Male Juveniles,* we held that the "30–day period under § 5036 commences with an arrest and physical detention by federal authorities."

*See* 49 F.3d 1058, 1063 (5th Cir.1995); *see also United States v. Doe,* 882 F.2d 926, 927 (5th Cir.1989)(30–day speedy trial right was triggered when the defendant was arrested, not when the order for detention was filed). The district court's apparent error does not affect our holding.

have been excluded because the government's motion was unsuccessful and non-meritorious.[3] Thus according to the defendant, the "interest of justice" did not require the district court to exclude the 19 days attributable the filing and disposition of the motion to transfer.

■ We acknowledge that courts have excluded the time during which transfer motions were pending where such motions were successful. *See, e.g. United States v. Wong*, 40 F.3d 1347, 1371 (2d Cir.1994), *cert. denied*, 514 U.S. 1113, 115 S.Ct. 1968, 131 L.Ed.2d 858 (1995); *United States v. Romulus*, 949 F.2d 713, 716 (4th Cir.1991), *cert. denied*, 503 U.S., 992, 112 S.Ct. 1690, 118 L.Ed.2d 403 (1992); *United States v. J.D.*, 525 F.Supp. 101, 107 (S.D.N.Y.1981). The defendant argues the we should reverse the district court because the government's motion was unsuccessful. However, the defendant points to no cases that have applied a per se rule that an unsuccessful motion to transfer does not toll the speedy trial period. Furthermore, to adopt such a per se rule would put the government in the untenable position of weighing the odds of success in order to avoid a subsequent dismissal order for failing to bring the defendant to trial within the 30–day speedy trial period. Such a

rule would also undermine the government's efforts to distinguish defendants who would benefit from the juvenile system from those who should be properly transferred to adult proceedings. The ends of justice would not be served by tying the government's hands behind its back in such a fashion.

The defendant alternatively argues that the district court erred when it excluded time attributable to the filing and disposition of the transfer motion because the government's motion was nonmeritorious. This argument has sufficient force to warrant our discussion of it. We acknowledge that using the merits of a motion as a litmus test to determine whether to exclude time attributable to its filing and disposition is problematic. Reasonable judges may differ as to what is or is not meritorious. As such, using the merits of a government's motion as the dispositive factor may lead to inconsistent results. Nevertheless, the fact that the government waited 23 days after the defendant's arrest and detention to file its motion to transfer does give us some pause. Furthermore, the failure of the government's motion to allege the requisite predicates under the JDA mandatory or permissive transfer provisions compounds our concerns.[4] The

---

**3.** The defendant's written motion to dismiss did not argue these grounds, but instead, had alleged that the district court lacked jurisdiction to proceed against the juvenile because the government had not timely filed the defendant's juvenile records pursuant to 18 U.S.C. § 5032. The district court correctly held that such records were not required to assert jurisdiction, but were required to transfer the juvenile to adult proceedings. *See* 18 U.S. C § 5032 ("[a] juvenile shall not be transferred to adult proceedings ... until any prior juvenile court records of such juvenile have been received by the court ...").

Nevertheless, at the beginning of the delinquency hearing which was held the same day the court denied the motion to dismiss, the court permitted the defendant to orally assert the additional grounds in open court and on the record. Thus, the additional grounds asserted were preserved for our review. However, in light of the trial court's correct ruling on the jurisdictional issue and the defendant's failure to include that issue in his brief, the

jurisdictional issue has been abandoned, *see also* Fed. R.App. P. 28(a)(6)("[t]he argument must contain the contentions of the appellant on the issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on."); *Gann v. Fruehauf Corp.*, 52 F.3d 1320, 1328 (5th Cir.1995) (holding that appellant waived claims on appeal by failing to advance arguments in support of them in the body of his brief), and does not warrant our review *sua sponte*.

**4.** To transfer under the discretionary provision, the court must find that: (1) the juvenile is alleged to have committed an act of juvenile delinquency after his fifteenth birthday; (2) the act is one which if committed by an adult would be a felony that is a crime of violence or is one of the other enumerated offenses; and (3) such a transfer would be in the interest of justice *See* 18 U.S.C. § 5032. To transfer under the mandatory provision, the court must find that: (1) the juvenile

administration of juvenile justice in a expeditious manner is a paramount interest under the speedy trial provision. Thus, the filing of a pretrial motion in an untimely manner raises serious concerns, especially when facts or evidence indicate that the government could have filed the motion earlier in the juvenile proceedings. Nevertheless, the defendant did not claim below or on appeal that the government was in bad faith or filed the transfer motion as a mere dilatory tactic. *Cf. United States v. Doe*, 642 F.2d 1206, 1209 (10th Cir.1981)(preaccusatorial delay of 27 months did not violate the defendant's speedy trial right where the defendant failed to show that the delay was purposely designed to gain a tactical advantage or to harass the defendant). Furthermore, our review of the record does not reveal such. Therefore, we affirm the trial court's ruling. However, our holding should not be construed as endorsing the practice of filing pretrial motions in juvenile proceedings merely to delay or prolong the prompt and expeditious administration of juvenile justice.

AFFIRM.

committed the act of juvenile delinquency after his sixteenth birthday; (2) the act is one which if committed by an adult would be a felony offense that has an element the use, attempted use, or threatened use of physical force against the person of another, or by its nature involves a substantial risk that physical force against the person of another may be used, or is one of the offenses specifically enumerated; and (3) the juvenile has previously been found guilty of any offense that would satisfy factor (2). *See id.* The government's transfer motion failed to allege (1) whether it sought permissive or mandatory transfer and (2) that the crime charged allowed permissive or mandatory transfer. The trial court denied the motion to transfer without a hearing.