**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**John DOE,\* a juvenile, Defendant–
Appellant.**

**No. 02–10170.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 2003.

Filed March 25, 2003.

---

\* This pseudonym is adopted for purposes of the published opinion.

**1058**

Rubin Salter, Jr., Tucson, AZ, for the appellant.

Richard E. Gordon, Russell E. Marsh, Assistant U.S. Attorneys, Tucson, AZ, for the appellee.

Before CANBY, JR., O'SCANNLAIN, and W. FLETCHER, Circuit Judges.

## OPINION

CANBY, Circuit Judge.

John Doe, a juvenile Indian, sexually assaulted a teacher on the Tohono O'Od-ham Indian Reservation in Arizona. He was charged in federal district court with juvenile delinquency and several assault-related offenses. Doe moved to dismiss the information on the ground that his trial was not held within the time required by 18 U.S.C. § 5036. The district court denied the motion. Doe pleaded guilty to the charges against him but reserved his right to pursue this appeal of the district court's denial of his motion to dismiss. We conclude that the speedy trial standard of 18 U.S.C. § 5036 was violated because Doe was not tried within thirty days after his certification for federal juvenile proceedings. We accordingly reverse the judgment of the district court and remand with instructions to dismiss the information.

## FACTUAL BACKGROUND

Doe sexually assaulted the teacher in August 1999 and turned himself in to tribal authorities two months later. His case received attention from both tribal and federal prosecutors. The Tohono O'Odham Nation filed charges against Doe relating to the August assault and two additional, unrelated sexual assaults. The federal government subsequently opened an investigative file regarding Doe's August assault. The tribal prosecutor informed Doe's tribal defense counsel that the federal government was going to secure a writ of habeas corpus ad prosequendum and would likely do so by January 24, 2000. In reliance on this information, Doe and his tribal-court counsel consented to a stay of tribal court proceedings until the federal charges were resolved.

On March 15, 2000, the federal government filed an information in the United States District Court in the District of Arizona, charging Doe with the offense of juvenile delinquency consisting of assault

with a dangerous weapon with the intent to do bodily harm in violation of 18 U.S.C. §§ 1153 and 113(a)(3), attempt to engage in a sexual act by using force and threat in violation of 18 U.S.C. §§ 1153 and 2241(a), and engaging in sexual contact by force and threat in violation of 18 U.S.C. §§ 1153 and 2241(a)(1). The government also filed a certification as a foundation for federal proceedings against Doe, pursuant to 18 U.S.C. § 5032. The government certified that the charges in the information were felony crimes of violence, and that there was substantial federal interest in the case to warrant the exercise of federal jurisdiction. The district court issued a writ of habeas corpus ad prosequendum on March 17, 2000.

The government executed the writ on March 27, 2000, transferring Doe from tribal custody to federal custody. Doe appeared before the district court on March 30, 2000, and his trial was set for May 4, 2000. On April 19, 2000, Doe filed a motion to dismiss for violation of 18 U.S.C. § 5036, the speedy trial provision of the Juvenile Delinquency Act. On the same day, Doe filed a motion to continue his trial for at least thirty days to permit a psychological examination. The district court denied Doe's motion to dismiss but granted his motion for a continuance. Additional continuances and a period of incompetence delayed Doe's proceedings, but he ultimately entered a plea admitting all of the allegations in the information but reserving his right to appeal the denial of his motion to dismiss. Doe was sentenced to two concurrent sentences of approximately thirty-nine months (until June 28, 2005, Doe's twenty-first birthday). This appeal followed.

█ We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo whether Doe's speedy trial rights were violated. *See United States v. Eric B.,* 86 F.3d 869, 872 (9th Cir.1996).

## DISCUSSION

The speedy trial requirement of the Juvenile Delinquency Act is embodied in 18 U.S.C. § 5036, which states:

> If an alleged delinquent who is in detention pending trial is not brought to trial within thirty days from the date upon which such detention was begun, the information shall be dismissed on motion of the alleged delinquent or at the direction of the court, unless the Attorney General shows that additional delay was caused by the juvenile or his counsel, or consented to by the juvenile and his counsel, or would be in the interest of justice in the particular case. Delays attributable solely to court calendar congestion may not be considered in the interest of justice. Except in extraordinary circumstances, an information dismissed under this section may not be reinstituted.

On the bare language of this statute, our question might appear simple. Doe's tribal detention began on October 20, 1999. His federal detention began when he was transferred to federal authorities on March 27, 2000. His motion to dismiss was filed on April 19, 2000. Thereafter his trial was continued at his own request. If Doe is considered to have been in "detention pending trial" when he was in tribal custody, then the thirty days ran long before the federal government even began to investigate his case. Because that interpretation of the statute would be nonsensical, "detention pending trial" would have to be interpreted to mean *"federal* detention pending trial." *See, e.g., United States v. Three Male Juveniles,* 49 F.3d 1058, 1064 (5th Cir.1995). Because federal detention began on March 27, 2000, and Doe moved to dismiss on April 19, 2000, the thirty days would not have run. After April 19, further continuances were at Doe's request or were otherwise excused.

Our circuit has placed gloss upon § 5036, however, which precludes such a simple interpretation of that statute. The controlling case is *United States v. Andy*, 549 F.2d 1281 (9th Cir.1977), which involved a federal prosecution of a juvenile who was originally detained in state custody. In *Andy* we read § 5036 in conjunction with 18 U.S.C. § 5032, which prohibits the federal government (with a minor exception not relevant here) from proceeding against a juvenile unless the Attorney General, after investigation, certifies to the appropriate district court that (1) the state court does not have or will not assert jurisdiction over the juvenile with respect to the offense, (2) the state does not have available programs and services adequate for the needs of juveniles, or (3) the offense charged falls within a statutorily-specified category of crimes, such as felony crimes of violence, and there is a substantial federal interest in the case or the offense to warrant the exercise of federal jurisdiction. *See* 18 U.S.C. § 5032.[1]

Believing it necessary to harmonize §§ 5032 and 5036, we articulated a new test in *Andy* to calculate the thirty-day period. We held that the thirty-day speedy trial clock of § 5036 begins to run "from (1) the date that the Attorney General certifies, or in the exercise of reasonable diligence, could have certified, to the conditions stated in section 5032, or (2) the date upon which the Government formally

assumes jurisdiction over the juvenile, whichever event occurs earlier."[2] *Andy*, 549 F.2d at 1283.

Doe's speedy trial clock therefore started to run on either: (1) the day the government certified his case, (2) the day the government reasonably could have certified his case, or (3) the day the government placed Doe in federal custody, whichever of these dates is the earliest. The certification in this case was filed on March 15, 2000. Doe was not placed in federal custody until March 27, 2000.

█ We are spared the daunting task of determining whether the government, in the exercise of reasonable diligence, could have certified Doe's case earlier than it did,[3] because its actual certification occurred early enough to cause a violation of § 5036. The case was certified on March 15, 2000, which was before Doe was placed in federal custody, and Doe moved to dismiss on April 19, 2000, more than thirty days later. The district court accordingly erred in denying the motion to dismiss, and we therefore reverse its judgment.

The government argues that Doe consented to the delay in trial when he agreed to stay tribal court proceedings pending the outcome of the federal charges. Section 5036 excepts periods of delay "consented to by the juvenile and his counsel." But Doe agreed to a stay of *tribal*, not federal, court proceedings. As the govern-

---

1. The parties do not dispute the applicability of the Juvenile Delinquency Act, and particularly §§ 5032 and 5036, to this case. Although § 5032 refers to the State as the jurisdictional alternative to the federal government, in Doe's case the tribe would be the alternative.

2. The government formally assumes jurisdiction when it arrests the juvenile and places him or her in federal custody. *See Eric B.*, 86 F.3d at 873–74.

3. The determination whether the government in the exercise of reasonable diligence could

have certified the case at a particular time presumably requires a judgment concerning the proper amount of investigation to be conducted and the amount of time needed to make an informed decision whether to proceed in federal court. In *Eric B.*, we declined to set an arbitrary limit for the duration of an investigation and held that, after the necessary information had been gathered, a three-day period to consider the charging decision was reasonable. *See Eric B.*, 86 F.3d at 874 & n. 6.

ment notes, it had no part in the agreement that Doe and his counsel made with the tribe to stay tribal proceedings; indeed, it was not even aware of the agreement. At the time Doe agreed to the stay, he had neither been certified for federal prosecution nor charged with a federal crime. The government cites no authority which suggests that a defendant's consent to stay tribal proceedings, made before the defendant is charged with a federal crime, may be treated as consent to delay a federal trial which may occur in the future.[4] We interpret the consent exception to § 5036 to apply only to consent to the delay of the *federal* prosecution.

We also reject the government's argument that, because Doe was in tribal custody for other charges in addition to those arising from his August 1999 crime, the time in tribal custody should not be considered "detention" within the meaning of § 5036. We do not find any exception to § 5036 which states "unless the defendant would have been in custody on other charges, in which case the thirty-day time limit does not apply." Moreover, the government's argument is contrary to *Andy*, which held that, when a juvenile has been or could have been certified for federal trial, pretrial custody thereafter counts for purposes of the thirty-day rule of § 5036 whether that custody is "federal or state." *See Andy*, 549 F.2d at 1283; *see also Eric B.*, 86 F.3d at 874 (period of state custody does not count toward thirty-day limit when federal authorities did not certify

and could not reasonably have certified juvenile for federal prosecution during that period).

We recognize that *Andy* has its critics, particularly with regard to its holding that the thirty-day period of § 5036 may begin to run prior to the commencement of federal custody. *See Eric B.*, 86 F.3d at 873 n. 3; *United States v. Baker*, 10 F.3d 1374, 1397 n. 7 (9th Cir.1993), overruled on other grounds by *United States v. Nordby*, 225 F.3d 1053, 1059 (9th Cir.2000); *United States v. Doe*, 882 F.2d 926, 928 n. 3 (5th Cir.1989); *United States v. Doe*, 642 F.2d 1206, 1207–08 (10th Cir.1981); *United States v. Sechrist*, 640 F.2d 81, 83–85 (7th Cir.1981). *Andy* requires the government to bring its federal proceeding to trial within thirty days after it reasonably could have certified a juvenile's case, even though the juvenile may not be in federal custody when time begins to run.[5] It is not within our province, however, to reconsider *Andy*. *See Murray v. Cable Nat'l Broad. Co.*, 86 F.3d 858, 860 (9th Cir.1996) (holding that only a panel sitting en banc may overturn existing Ninth Circuit precedent). We therefore apply *Andy's* rule here. Because the speedy trial clock began running with the certification of Doe's case on March 15, 2000, § 5036 was violated when Doe was not brought to trial by April 14, 2000. The district court therefore erred in denying Doe's April 19, 2000 motion to dismiss.

**4.** It is unclear how much assurance Doe's tribal defense counsel had at the time he entered into the stay agreement that federal charges were inevitable. Doe's tribal defense attorney testified that the tribal prosecutor told him on January 12, 2000, prior to the January 14 stay agreement, that the government would press charges. At that time, however, the tribal prosecutor had merely been informed that the federal charges would likely be filed upon completion of the investigation. The government did not begin its

investigation until December 30, 1999. The investigation was completed on March 14, 2000.

**5.** We are not presented with a case where, despite certification, the federal government was prevented by events beyond its control from assuming jurisdiction prior to the running of the thirty-day period. We express no opinion whether the rule of *Andy* would apply in such a case.

REVERSED and REMANDED with instructions to dismiss the information.