**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**ALBERTO R., a juvenile, Defendant—
Appellant.**

No. 02–50591.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 4, 2003.

Decided June 12, 2003.

Before: REINHARDT, O'SCANNLAIN, and FISHER, Circuit Judges.

MEMORANDUM *

Alberto R., a juvenile, was found delinquent on two counts of aiding and abetting the transportation of an illegal alien.[1]

## I. Speedy Trial Claim

■ The government is entitled to a reasonable period to "investigate whether [a] case is appropriate" for juvenile certification. *United States v. Eric B.*, 86 F.3d 869, 874 (9th Cir.1996). Because at the time of his arrest Alberto R. materially misrepresented his age, and because he first presented testimony and certified documentation as to his true age on August 30, 2002, we find it reasonable to allow the government a week to investigate Alberto R.'s true age. The speedy trial clock, therefore, began to run no earlier than September 6, 2002, when the Attorney General, "in the exercise of reasonable diligence, could have certified" that Alberto R. was a juvenile suitable for delinquency proceedings. *United States v. Doe*, 324 F.3d 1057, 1060 (9th Cir.2003) (quoting *United States v. Andy*, 549 F.2d 1281, 1283 (9th Cir.1977)).

Because October 6, 2002, was a Sunday, in order to satisfy the thirty-day limit of 18 U.S.C. § 5036, it was necessary that the trial begin, absent tolling, on October 7. Trial actually began on October 9, 2002. However, we find that the speedy trial clock was tolled "in the interests of justice" for at least two days, due to the need to consider and respond to the defense's thirteen pretrial motions, several of which required substantial deliberation. *See Eric B.*, 86 F.3d at 875 & n. 7; 18 U.S.C. § 5036. We therefore affirm the district court's determination that there was no violation of the applicable speedy trial provisions.

## II. Parental Notification

■ When interrogated at the Border Patrol Station, Alberto R. claimed to be nineteen years old; there was no indication that he was, in fact, a juvenile. A reasonable officer prepared to comply with the requirements of 18 U.S.C. § 5033 would not have known that Alberto R. was a juvenile, and would therefore not have known that parental notification was necessary before taking his statement. Accordingly, Alberto R. is not entitled to any relief as a result of the failure to notify his parents.

## III. Sufficiency of the Evidence

■ Alberto R. admitted that he traveled illegally over the border, and that he agreed to accept a $1300 waiver of his fee as compensation for accompanying the driver of the pickup on the trip to town to get gas for the transport vehicle and for returning with him in the truck to the point at which the other illegal aliens had been dropped off. The evidence permits a reasonable trier of fact to infer that Alber-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are acquainted with the facts and procedural history of this case, we do not recount the proceedings here.

to R. was not "merely present" for the criminal act, but was instead aiding and abetting it. *See United States v. Weaver,* 594 F.2d 1272, 1275 (9th Cir.1979). Accordingly, the evidence was sufficient to sustain the delinquency findings.

**AFFIRMED.**

