**TROVAN LIMITED, a Corporation of the United Kingdom; Electronic Identification Devices, Ltd., a California Corporation, Plaintiffs—Appellants,**

v.

**PFIZER INC., a Delaware Corporation, Defendant—Appellee.**

**Trovan Limited, a Corporation of the United Kingdom; Electronic Identification Devices, Ltd., a California Corporation, Plaintiffs—Appellees,**

v.

**Pfizer Inc., a Delaware Corporation, Defendant—Appellant.**

Nos. 03–56346, 03–56450.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 5, 2004.

Decided Aug. 19, 2004.

---

Judith L. Meadow, Esq., Larry C. Russ, Esq., Russ, August & Kabat, Los Angeles, CA, for Plaintiffs–Appellants.

* The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

Pierce O'Donnell, Esq., Christine A. Pagac, O'Donnell & Shaeffer, LLP, Los Angeles, CA, for Defendant–Appellee.

Before: REINHARDT, CLIFTON, Circuit Judges, and FOGEL,* District Judge.

MEMORANDUM **

Trovan, a company primarily involved in producing electronic tracking devices, sued Pfizer for marketing an antibiotic under the name Trovan. The district court granted summary judgment in favor of Pfizer on the ground that because the two product lines were wholly unrelated, there is no likelihood of consumer confusion. As the parties are familiar with the facts, procedural history, and arguments, we will not recount them here. Assessing the factors identified by *AMF, Inc. v. Sleekcraft Boats,* 599 F.2d 341, 348–49 (9th Cir.1979), we agree with the district court's conclusion that consumer confusion was unlikely as a matter of law and therefore affirm its judgment.

The order granting summary judgment is reviewed de novo. *United States v. City of Tacoma,* 332 F.3d 574, 578 (9th Cir. 2003). Summary judgment may be affirmed on any ground supported by the record. *Simo v. Union of Needletrades,* 322 F.3d 602, 610 (9th Cir.2003). Whether there is a likelihood of confusion is subject to de novo review. *Dreamwerks Prod. Group v. SKG Studio,* 142 F.3d 1127, 1129 (9th Cir.1998).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

In assessing the likelihood of confusion in reverse confusion cases, the question to be asked is "whether consumers doing business with the senior user [Trovan] might mistakenly believe that they are dealing with the junior user [Pfizer]." *Id.* at 1130. To prevail on the likelihood of confusion inquiry, a plaintiff must show that confusion is "probable," not merely "possible." *Murray v. CNBC*, 86 F.3d 858, 861 (9th Cir.1996). Applying the *Sleekcraft* factors, it is apparent that consumer confusion was not probable here:

### a. *Strength of the Mark*

As a fanciful mark, "Trovan" as used by Trovan, Ltd. is entitled to broad protection. *See Dreamwerks*, 142 F.3d at 1130 n. 7. This factor weighed in Trovan Ltd.'s favor.

### b. *Proximity or Relatedness of the Goods*

The district court correctly determined that Pfizer's antibiotic was unrelated to Trovan Ltd.'s various products. Trovan produced tracking devices. Pfizer's product was a human antibiotic. There was little evidence that Trovan was using any of its products to administer antibiotics to animals, and no evidence that it ever administered antibiotics to humans. Indeed, the only evidence of Trovan's intention to enter the antibiotic field was of recent vintage, postdating the time that Trovan became aware that Pfizer intended to market an antibiotic named Trovan.

### c. *Similarity of the Marks*

While the word "trovan" was used in both marks, the similarity was reduced by the fact that Pfizer also used its housemark in conjunction with the sale of its antibiotic. *See Sleekcraft*, 599 F.2d at 341; *Walter v. Mattel, Inc.*, 210 F.3d 1108, 1111 (9th Cir.2000).

### d. *Evidence of Actual Confusion*

There was no evidence of actual confusion on the part of Trovan Ltd.'s customers. What evidence Trovan adduced at the first trial was demonstrated to be fraudulent. As *Sleekcraft* noted, the absence of evidence can be weighed heavily "when the particular circumstances indicate that such evidence should have been available." 599 F.2d at 353. Pfizer submitted evidence that not a single Trovan, Ltd. customer contacted it in confusion.

### e. *Marketing Channels*

Pfizer did not market its antibiotic through the same channels or to the same customers as Trovan marketed its products. As the district court correctly noted, the proper inquiry is where Pfizer marketed the infringing antibiotic, not where it marketed its products in general. Pfizer directed its marketing of the antibiotic to medical professionals and others with an interest in healthcare. Trovan Ltd. marketed its products to veterinarians, zookeepers, and agricultural interests.

### f. *Purchaser Care*

"When the buyer has expertise in the field, a higher standard is proper though it will not preclude a finding that confusion is likely." *Sleekcraft*, 599 F.2d at 353. Trovan Ltd.'s customers no doubt exercised care in selecting their electronic tagging devices. It seems unlikely that a veterinarian incidentally heard about Pfizer's antibiotic and subsequently thought that Pfizer produced the transponders bearing the same name.

### g. *Intent*

Where an alleged infringer adopts a mark "with the intent of deriving benefit from the reputation of the [earlier mark], its intent may be sufficient to justify the inference that there are confusing similari-

ties." *Brookfield Communications, Inc. v. West Coast Ent. Corp.,* 174 F.3d 1036, 1059 (9th Cir.1999) (quoting *Pacific Telesis v. Int'l Telesis Communications,* 994 F.2d 1364, 1369 (9th Cir.1993)). Where the infringer adopts with mere knowledge, this factor also weighs in the plaintiff's favor, but not as strongly. *Id.* Trovan did not allege that Pfizer adopted the name attempting to trade on Trovan Ltd.'s reputation.

h. *Likelihood of Expansion Into Competing Markets*

"[A] strong possibility of expansion into competing markets weighs in favor of finding of infringement." *E. & J. Gallo Winery v. Gallo Cattle Co.,* 967 F.2d 1280, 1293 (9th Cir.1992). Subsequent to the filing of its lawsuit, Trovan asserted that it fully intended to expand into the field of human pharmaceuticals. The assertion that the company genuinely developed such an interest (but only subsequent to filing its infringement lawsuit) must be viewed skeptically. "When a senior user of a mark on product line A expands later into product line B and finds an intervening user, priority in product line B is determined by whether the expansion is 'natural' in that customers would have been confused as to source or affiliation at the time of the intervening user's appearance." *Brookfield Communications,* 174 F.3d at 1051 (quoting 2 J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS & UNFAIR COMPETITION § 16:5 (4th ed.1998)). Trovan Ltd.'s potential expansion into human pharmaceuticals was not natural.

In sum, the district court properly granted summary judgment to Pfizer because the two companies' products were unrelated, and none of the other *Sleekcraft*

factors warranted a finding that there was a genuine issue of material fact as to the likelihood that Trovan Ltd.'s customers would be confused about whether or not they were actually dealing with Pfizer.

Because we affirm the district court's summary judgment in favor of Appellant, it is unnecessary to decide the merits of the district court's rulings on the various post-trial motions.

Appellant's request for attorney fees as a prevailing party on appeal is denied. 15 U.S.C. § 1117(a).

**AFFIRMED.**