**Noel De JESUS GRANADOS, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–76190.**

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007 \*.

Filed May 24, 2007.

R.App. P. 34(a)(2).

692

Howard J. McClure, Esq., Moorpark, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Thankful T. Vanderstar, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Dimitri N. Rocha, Esq., U.S. Department of Justice, Civil Division, Washington, D.C., for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Noel De Jesus Granados, a native and citizen of El Salvador, petitions for review of a Board of Immigration Appeals' ("BIA") order affirming an immigration judge's ("IJ") order denying his applications for adjustment of status, cancellation of removal, asylum, withholding of removal, and voluntary departure. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo whether an offense qualifies as an aggravated felony. *See Ruiz–Morales v. Ashcroft,* 361 F.3d 1219, 1221 (9th Cir.2004). We grant in part and dismiss in part the petition for review, and we remand for further proceedings.

The judicially noticeable facts and documentation in the record do not establish whether Granados' conviction under Cal. Health and Safety Code § 11352(a) was for a sale or for a transportation of a controlled substance, and the IJ therefore erred in finding that Granados' crime was an aggravated felony. *See United States v. Rivera–Sanchez,* 247 F.3d 905, 908 (9th Cir.2001) (en banc) (a transportation conviction is not punishable under the Controlled Substances Act and therefore is not an aggravated felony). That Granados' conviction does not qualify as an aggravated felony necessarily invalidates the IJ's rulings that Granados is statutorily ineligible for the various forms of relief he requested.

We cannot consider Granados' argument to overrule the ruling in *Lujan–Armendariz v. INS,* 222 F.3d 728 (9th Cir.2000), to allow for the expungement of his conviction for immigration purposes because a three-judge panel cannot overrule any prior Ninth Circuit decision; only an *en banc* panel may do so. *See Murray v. Cable National Broadcasting Company,* 86 F.3d 858, 860 (9th Cir.1996).

Granados' failure to raise his eligibility for Section 212(c) relief to the BIA consti-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tutes a failure to exhaust, thus depriving this court of jurisdiction to consider the issue. *See Barron v. Ashcroft,* 358 F.3d 674, 677 (9th Cir.2004).

Granados' remaining contentions are unpersuasive.

**PETITION FOR REVIEW GRANTED in part and DISMISSED in part; REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.