NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WALFRE RICARDO MARTINEZ PINTO, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 07-70129 <br><br> Agency No. A072-776-206 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Walfre Ricardo Martinez Pinto, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to reopen.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

novo questions of law. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).

We deny in part and dismiss in part the petition for review.

Martinez Pinto has waived any challenge to the BIA's conclusion that his October 15, 2004, motion to reopen was untimely and did not qualify for the regulatory exception at 8 C.F.R. § 1003.2(c)(3)(ii). *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not raised and argued in a party's opening brief are waived).

We note that, contrary to Martinez Pinto's contention, the BIA's decision indicates it considered his eligibility for relief under the Convention Against Torture.

We lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002), *see also Nevarez Nevarez v. Holder*, 572 F.3d 605, 607 (9th Cir. 2009).

We lack authority to consider Martinez Pinto's claim that the court should reconsider its holding in *Ekimian*. *See Murray v. Cable Nat. Broadcasting Co.*, 86 F.3d 858, 860 (9th Cir. 1996) ("[O]nly a panel sitting en banc may overturn existing Ninth Circuit precedent.") (internal quotation and citation omitted).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**