**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARLON ALCIDES PALMA-PLATERO,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 08-70652<br><br>Agency No. A078-323-612<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2010[**]

Before:      O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

Marlon Alcides Palma-Platero, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C.

§ 1252. We review for abuse of discretion the BIA's denial of a motion to reopen.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*See He v. Gonzales*, 501 F.3d 1128, 1130-31 (9th Cir. 2007).  We deny the petition for review.

The BIA did not abuse its discretion in denying Palma-Platero's motion to reopen because the BIA considered the evidence submitted and acted within its broad discretion in determining Palma-Platero did not show prima facie eligibility for the relief sought.  *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988) (the BIA may deny a motion to reopen for failure to establish a prima facie case for the underlying relief sought).

We decline to consider Palma-Platero's challenge to the BIA's July 21, 2005 order because it has already been considered and rejected by this court in *Palma-Platero v. Gonzales*, No. 05-74902 (9th Cir. Aug. 28, 2007).  *See Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir. 1991) (explaining under the 'law of the case doctrine' one panel of an appellate court will not reconsider questions which another panel has decided on a prior appeal in the same case).

Finally, we lack authority to consider Palma-Platero's claim that the court should reconsider its holding in *Santos-Lemus v. Mukasey*, 542 F.3d 738 (9th Cir. 2008).  *See Murray v. Cable Nat. Broadcasting Co.*, 86 F.3d 858, 860 (9th Cir. 1996) ("[O]nly a panel sitting en banc may overturn existing Ninth Circuit precedent.") (internal quotation and citation omitted).

**PETITION FOR REVIEW DENIED.**