**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC; BAYERISCHE MOTOREN WERKE AG, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> MINI WORKS, LLC; VICTOR BARREIRA, <br><br> Defendants - Appellants, <br><br> and <br><br> POLE POSITION PARTNERS GROUP, LLC; POLE POSITION USA, LLC; LINDA SHARABY, <br><br> Defendants.. | No. 10-17457 <br><br> DC. No. 2:07-cv-01936-SMM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, Senior District Judge, Presiding

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted December 8, 2011 [*]
San Francisco, California

Before: O'SCANNLAIN, COWEN,[***] and BERZON, Circuit Judges.

Defendants Mini Works, LLC and Victor Barreira appeal from the District Court's judgment, entered after a bench trial, in favor of Plaintiffs BMW of North America, LLC and Bayerische Motoren Werke AG (collectively "BMW") as to BMW's claims against Appellants for federal and state trademark infringement and unfair competition as well as its claim against Barreira under the Anti-Cybersquatting Consumer Protection Act ("ACPA"). We review for clear error. See, e.g., Interstellar Starship Servs., Ltd. v. Epix, Inc., 304 F.3d 936, 947 (9th Cir. 2002); Murray v. Cable Nat'l Broad. Co., 86 F.3d 858, 860 (9th Cir. 1996).

The District Court committed no such clear error in its thorough and well-reasoned ruling setting forth its own findings of fact and conclusions of law based on the evidence presented at the bench trial. With respect to the infringement and unfair competition claims, the District Court properly applied the relevant Sleekcraft factors to determine that a likelihood of confusion exists as to the

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

Appellants' use of the MINI WORKS trademark and trade name and BMW's MINI marks.  See, e.g., AMF, Inc. v. Sleekcraft Boats, 599 F.2d 341, 348-49 (9th Cir. 1979).  Likewise, the District Court appropriately found that the nominative fair use doctrine did not apply here because Appellants used more of BMW's mark than necessary and falsely suggested that they were sponsored or endorsed by BMW itself.  See, e.g., New Kids on the Block v. News Am. Publ'g Inc., 971 F.2d 302, 308 (9th Cir. 1992).  Finally, we conclude that the District Court did not clearly err by finding Barreira liable under the ACPA because he acted in bad faith and did not meet the statutory safe harbor.  See, e.g., 15 U.S.C. § 1125(d); Lahoti v. VeriCheck, Inc., 586 F.3d 1190, 1203 (9th Cir. 2009).

AFFIRMED.