**H & R BLOCK EASTERN ENTERPRISES, INC., et al., Plaintiffs,**

v.

**INTUIT, INC., Defendant.**

**No. 13–0072–CV–W–FJG.**

United States District Court, W.D. Missouri, Western Division.

May 22, 2013.

**1034**

Adam G. Levine, Jeffrey Barker, O'Melveny & Myers LLP, Los Angeles, CA, Brian Neach, Michael G. Yoder, Stephanie Noble, O'Melveny & Myers LLP, Newport Beach, CA, David F. Oliver, Stacey R. Gilman, Anthony J. Durone, Berkowitz, Oliver, Williams, Shaw & Eisenbrandt, LLP, Kansas City, MO, for Plaintiffs.

Bernard J. Rhodes, James Moloney, V., Lathrop & Gage LLP, Kansas City, MO, Seth Reagan, Jessica Slusser, Chad S. Hummel, Donald R. Brown, Noel S. Cohen, Manatt Phelps & Phillips LLP, Los Angeles, CA, Linda A. Goldstein, Manatt Phelps & Phillips, New York, NY, for Defendant.

## ORDER

FERNANDO J. GAITAN, JR., Chief Judge.

Pending before the Court is Defendant Intuit Inc.'s Motion to Dismiss Count II of Plaintiff's Complaint and to Strike Portions of Count III (Doc. No. 57).

### I. Background

This case involves two television advertisements for TurboTax software. These advertisements are known as "Master Plumber" and "Return Expert." *See* Complaint, Doc. No. 1, ¶ 26. At issue with the pending motion is plaintiffs' claim under Section 32(1)(A) of the Lanham Act, for trademark infringement. In the subject advertisements, defendant compares federal income tax filers' usage of TurboTax software to H & R Block's in-store tax preparation services. The claim in the advertisements is, "more Americans trusted their federal taxes to TurboTax last year than H & R Block stores and all other major tax stores combined." Complaint, Doc. No. 1, ¶ 33. The commercials also include a bar graph comparing TurboTax use versus other major tax stores, including H & R Block. TurboTax is represented by a red bar, while H & R Block is represented by a green bar.

As is relevant to the resolution of the pending motion, plaintiffs argue that defendant has infringed on their trademark, in violation of federal law (Count II), and has violated Missouri common law as well

(Count III). Defendant moves to dismiss the trademark infringement claims found in Count II under Rule 12(b)(6). Defendant also moves under Rule 12(f) to strike reference to trademark infringement allegations within plaintiffs' Missouri unfair competition claim under Missouri common law in Count III.

## II. Standard

To survive a motion to dismiss under 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A pleading that merely pleads "labels and conclusions" or . a "formulaic recitation" of the elements of a cause of action, or "naked assertions" devoid of "further factual enhancement" will not suffice. *Id.* (quoting *Twombly* ). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Under Fed.R.Civ.P. 12(b)(6) the Court must accept the plaintiff's factual allegations as true and grant all reasonable inferences in the plaintiff's favor. *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005).

■ Fed.R.Civ.P. 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "A court enjoys liberal discretion under Rule 12(f) ... however, motions to strike are viewed with disfavor and rarely granted." *Openmethods, LLC v. Mediu, LLC*, 10–761–CV–W–FJG, 2011 WL 2292149 (W.D.Mo. June 8, 2011)

## III. Discussion

Defendant argues that (1) Count II of plaintiffs' complaint should be dismissed under the "nominative fair use" doctrine; and (2) even if the Court found the "nominative fair use" doctrine did not apply, there is no likelihood of confusion arising from these comparative advertisements. The Court finds it necessary to consider only the second of these two arguments.

■ In a trademark infringement case under 15 U.S.C. § 1114, a plaintiff has the burden to prove defendant's use of the mark "is likely to produce confusion in the minds of consumers about the origin of the goods or services in question." *KP Permanent Make–Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 117, 125 S.Ct. 542, 160 L.Ed.2d 440 (2004). Defendant argues that plaintiffs have set forth no facts suggesting that they can meet their burden to demonstrate consumer confusion, and the facts set forth as to plaintiff's unfair competition claim undermine their trademark infringement claim. As noted by defendant, in the Eighth Circuit, there are six non-exclusive factors (the "*SquirtCo.* factors") that courts use in considering whether there is a likelihood of consumer confusion as to the origin of a product or service: (1) the strength of the owner's mark; (2) the similarity of the owner's mark and the alleged infringer's mark; (3) the degree of competition between the products; (4) the alleged infringer's intent to "pass off" its goods as the trademark owner's; (5) incidents of actual confusion; and (6) the type of product, its cost, and the conditions of purchase. *SquirtCo. v. Seven–Up Co.*, 628 F.2d 1086, 1090 (8th Cir.1980); *Everest Capital Ltd. v. Everest Funds Mgmt., L.L.C.*, 393 F.3d 755, 759–60 (8th Cir.2005).

Defendant indicates that it is uncontested that plaintiffs own certain rights to the name "H & R Block" and that defendant

used the term "H & R Block" in its competitive commercial advertisements; defendant therefore indicates that this makes the first three of the six *SquirtCo.* factors irrelevant. Defendant further asserts that there is no allegation by plaintiffs of defendant's intent to pass off its services as H & R Block's (and, in fact, the point of the commercials is to distinguish defendant's services from H & R Block's). Additionally, plaintiffs have not alleged any incidents of actual consumer confusion regarding the source, origin or sponsorship of defendant's advertisements, goods; or services. Finally, defendant notes that the type of product and conditions of purchase decrease the likelihood of confusion, as the vast majority of plaintiffs' federal tax return business comes from its instore customers whereas defendant is a "do-it-yourself software product." Complaint, Doc. No. 1, ¶ 37. In other words, defendant argues that the complaint is implausible on its face, in that a purchaser could not be confused by the advertisements so as to believe TurboTax software is endorsed by H & R Block.

Plaintiffs respond that they have alleged a sufficient likelihood of confusion to maintain a trademark infringement claim. Realizing that they have not pled confusion about the source or origin of the service represented by the trademark, plaintiffs seem to argue that "confusion" under trademark infringement law should be read more broadly so as to include general confusion about the quality and nature of plaintiffs' and defendant's services. In support of this proposition, plaintiffs cite to a variety of cases from outside the Eighth Circuit which seemingly stand for

the proposition that, when 15 U.S.C. § 1114 was amended in 1962 to delete the phrase "purchasers as to the source of origin of such goods or services," from the end of the former definition, which now reads "likely to cause confusion, or to cause mistake, or to deceive," this broadened the Act so as to now cover any kind of consumer confusion, mistake, or deception. *See, e.g., Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 711 (3d Cir.2004).[1] However, as noted by defendant in its reply suggestions, the 1962 amendments to the Lanham Act were expanded so as to protect non-purchasers of a product (as opposed to just purchasers). *See* Doc. No. 116, p. 9, n. 3 (citing 4 McCarthy on Trademarks and Unfair Competition § 23:7 (4th ed.)). None of the cases cited by plaintiffs, furthermore, expand trademark infringement law to include alleged confusion where it is clear from the context of the ads that the plaintiff is not an originator, sponsor, or endorser of the ad.

■ In short, the Court agrees with defendant, and finds that plaintiffs have not stated a claim upon which relief can be granted for trademark infringement. Although consumer confusion is typically an issue of fact reserved for summary judgment (*see Anheuser–Busch Inc. v. Balducci Publications*, 28 F.3d 769, 773 (8th Cir. 1994)), the Court finds that upon the facts alleged by plaintiffs, there is no possibility that consumers could be confused as to whether plaintiffs endorse or sponsor defendant's products or services. *See also Murray v. Cable Nat. Broad. Co.*, 86 F.3d 858, 860 (9th Cir.1996) (affirming Rule 12(b)(6) dismissal of trademark infringement claim). Furthermore, plaintiffs'

---

1. Notably, in *Kos*, as well as all the other cases cited by plaintiffs, the underlying courts were examining trademark infringement actions where the defendant had named its product or service a similar name to that used by the plaintiff. (In *Kos*, the dispute was regarding two similar pharmaceutical products, Altocor and Advocor.) In other words, all the cases cited by plaintiff are inapposite to the current situation, which appears to be classic comparative advertising instead of an attempt by defendant to appropriate plaintiffs' trademark.

broad reading of the term "confusion" has no support under current Eighth Circuit law, which provides that the type of confusion contemplated under 15 U.S.C. § 1114 is confusion as to source, origin, sponsorship, affiliation, or endorsement of a good or service. *See ConAgra, Inc. v. George A. Hormel & Co.*, 990 F.2d 368, 369 (8th Cir.1993); *Sensient Technologies Corp. v. SensoryEffects Flavor Co.*, 613 F.3d 754, 769 (2010); *Anheuser–Busch Inc.*, 28 F.3d at 774; *Davis v. Walt Disney Co.*, 430 F.3d 901, 905 (8th Cir.2005); *Everest Capital Limited*, 393 F.3d at 759–60.

The Court further finds that, to the extent plaintiffs have incorporated references to the allegations from Count II into Count III (their state-law claim), these allegations should be stricken under Rule 12(f) as immaterial.

## IV. Conclusion

Therefore, for the foregoing reasons, Defendant Intuit Inc.'s Motion to Dismiss Count II of Plaintiff's Complaint and to Strike Portions of Count III (Doc. No. 57) is **GRANTED.**

**IT IS SO ORDERED.**